UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH R. LANGE,

                                        Plaintiff,

v.                                           **DECISION AND ORDER**
                                                        06-CV-555 S

MICHAEL ASTRUE,[1]
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

      1.      Plaintiff Joseph Lange challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since November 12, 2003, due to degenerative disc disease of the lumbar and thoracic spine, and the residual effects of a cerebral vascular accident. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits on February 10, 2004. His application was denied initially on April 2, 2004. Plaintiff requested a hearing before an ALJ, which was held on August 22, 2005. The ALJ considered Plaintiff's case *de novo*, and on November 4, 2005, issued a decision denying Plaintiff's application for benefits.

      Plaintiff exhausted his administrative remedies[2] and filed the instant action on

---

[1]     Michael J. Astrue became the Commissioner of Social Security on February 2, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should therefore be substituted for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

[2]     The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on June 22, 2006.

August 18, 2006, challenging the ALJ's decision. The parties subsequently filed Motions for Judgment on the Pleadings on February 6, 2007, and April 19, 2007. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on May 25, 2007. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

      3.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

      4.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support

the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

  5. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

  6. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there

is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.  While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 12, 2003 (R. at 17); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 18); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 19); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[3] (R. at 19); and (5) Plaintiff was unable to perform his past relevant work, but considering his residual functional capacity, age, education and work experience, he is

---

[3]  In particular, the ALJ found that "claimant has the residual functional capacity to perform work at the light exertional [level] but must alternate between the sitting and standing positions at 45-minute intervals, can only lift and carry 10 pounds and push and pull 15 pounds, must avoid repetitive bending and twisting, and must avoid the operation of vibratory and mechanical equipment."  (R. at 19).

4

capable of performing jobs that exist in the national economy and is therefore not disabled. (R. at 23-24).

9. Plaintiff asserts a number of challenges to the ALJ's decision. First Plaintiff contends that the official transcript is incomplete because of several portions that the transcriber noted as inaudible, specifically during the testimony of the vocational expert. (Plaintiff's Mem. at pp. 3-5). Defendant responds that despite the "inaudibles" in the record, the vocational expert's testimony provided substantial evidence to support the ALJ's five-step determination.

Reviewing the hearing transcript as a whole, this Court finds that the essential elements of the ALJ's findings are present, and that there is substantial evidence to support the ALJ's five-step determination. Despite the inaudible portions, the transcript appears to contain a full account of the vocational expert's opinion, and therefore is sufficient for the purposes of this appeal. (R. at 259-65). Absent an indication that the missing portion of the transcript would bolster Plaintiff's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record. See Williams v. Barnhart, 289 F.3d 556, 557-58 (8th Cir. 2002) (denying plaintiff's request for remand based on inaudible portions of the transcript). Accordingly, Plaintiff's request for a remand on the basis that the record is incomplete is denied.

10. Plaintiff next contends that the ALJ failed to give the proper weight to the opinion of his treating physician, Dr. Andrew Cappuccino. (Plaintiff's Mem., p. 5).

According to the "treating physician rule,"[4] the ALJ must give controlling weight to

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

Reviewing Dr. Cappuccino's report in light of the other medical evidence, this Court finds that the ALJ did not err in determining that Dr. Cappuccino's report was not entitled to controlling weight. As the ALJ explained in detail, Dr. Cappuccino gave his opinion following an initial consultation, and failed to provide any clinical or objective findings to support his conclusions. (R. at 23). Furthermore, the ALJ concluded that Dr. Cappuccino's opinion was inconsistent with other evidence in the record and was therefore not entitled to controlling weight. (R. at 23). Accordingly, based on the detailed reasons provided by the ALJ, this Court finds that the ALJ did not err in finding that Dr. Cappuccino's opinion

6

was not entitled to controlling weight.

11.     Plaintiff lastly contends that the ALJ's assessment of Plaintiff's functional residual capacity is incomplete. (Plaintiff's Mem., p. 13). Defendant responds that the ALJ was not required to set forth every limitation alleged by Plaintiff into the functional residual capacity assessment. (Defendant's Mem., p. 8).

In the ALJ's assessment, Plaintiff retained the following functional capacity:

> "to perform work at the light exertional [level] but must alternate between the sitting and standing positions at 45-minute intervals, can only lift and carry 10 pounds and push and pull 15 pounds, must avoid repetitive bending and twisting, and must avoid the operation of vibratory and mechanical equipment"

(R. at 24). The vocational expert used this residual functional capacity assessment in determining that Plaintiff was capable of performing jobs that exist in significant numbers in the local and national economy. (R. at 19-24). In determining this residual functional capacity, the ALJ conducted a thorough review of the medical evidence, and discussed each of Plaintiff's limitations. (R. at 19-24).

Having reviewed the record, this Court finds that the ALJ properly and completely assessed Plaintiff's residual functional capacity, and that the ALJ's assessment was sufficient for the vocational expert to rely on in providing expert testimony.

12.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case. Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination. This Court finds no reversible error in the ALJ's overall weighing of the evidence or in his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment

on the Pleadings is granted, and Plaintiff's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:  September 26, 2007
        Buffalo, New York

                                                /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge